UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ERROLL GETHERS, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | 2:20-cv-00218-DBH |
| | ) | |
| STATE OF MAINE, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff, an inmate at the Cumberland County Jail, has filed a complaint pursuant to

42 U.S.C. § 1983 seeking relief from the bail established in state court.  (Complaint, ECF No.

1.)  Plaintiff has named as defendants the State of Maine, a district attorney, and two assistant

district attorneys.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer

or employee of a governmental entity," Plaintiff's complaint is subject to a review "before

docketing, if feasible or … as soon as practicable after docketing." 28 U.S.C. § 1915A(a).  In

addition, Plaintiff filed an application to proceed in forma pauperis (ECF No. 2), which

application the Court granted.  (ECF No. 3.)  In accordance with the in forma pauperis

statute, a preliminary review of Plaintiff's complaint is appropriate.  28 U.S.C. § 1915(e)(2).

After a review of Plaintiff's complaint in accordance with 28 U.S.C. §§ 1915 and

1915A, I recommend the Court dismiss the matter.

1

## STANDARD OF REVIEW

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Plaintiff's complaint is also subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to

relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting T*wombly*, 550 U.S. at 569 n. 14).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.,* 717 F.3d 224, 231 (1st Cir. 2013).  *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## DISCUSSION

Plaintiff alleges that he is being held on "excessive bail" and seeks a "reasonable bail." (Complaint at 3.)  Plaintiff essentially asks the Court to review the bail set by the state court.

To the extent Plaintiff seeks to assert a habeas corpus petition to secure his release from pretrial detention, and to the extent Plaintiff requests injunctive relief against the district attorney through a civil rights claim, Plaintiff's complaint implicates the doctrine of abstention described in *Younger v. Harris*, 401 U.S. 37 (1971), which calls for federal courts to decline the exercise of jurisdiction when the plaintiff/petitioner seeks relief from ongoing state criminal proceedings.  *See In re Justices of Superior Court Dept. of Mass. Trial Court*, 218 F.3d 11, 16 (1st Cir. 2000) ("The federal courts have long recognized the 'fundamental policy against federal interference with state criminal proceedings.'" (quoting *Younger*, 401

U.S. at 46)).   Under *Younger*, federal courts must abstain from interfering in state court proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief."  401 U.S. at 43 – 44.[1]

The elements of mandatory abstention have been identified as the following: "(1) the [state] proceedings are judicial (as opposed to legislative) in nature; (2) they implicate important state interests; and (3) they provide an adequate opportunity to raise federal constitutional challenges." *Bettencourt v. Bd. of Registration in Med. of Commonwealth of Mass.*, 904 F.2d 772, 777 (1st Cir. 1990).  The state court criminal proceeding in which Plaintiff is involved is judicial in nature, implicates important state interests associated with the State's administration of its laws, affords Plaintiff adequate opportunity to challenge the charges on any constitutional ground he can identify, and allows Plaintiff to advocate for pretrial release on the same grounds he would advance in this Court.  Abstention, therefore, is presumptively appropriate.  Indeed, "[c]ourts have consistently applied the *Younger* doctrine to dismiss habeas claims by pretrial detainees based on excessive bail, claims of actual innocence, or due process violations, absent bad faith, harassment, or [other] extraordinary circumstances." *Enwonwu v. Mass. Superior Court*, *Fall River*, No. 1:12-cv-10703, 2012 WL 1802056, at *3 n. 7 (D. Mass. May 16, 2012).  In this case, Plaintiff has not

---

[1] Injunctive relief may be awarded against prosecutorial officials where the plaintiff challenges the constitutionality of a statute imposing "immense" liability, *Ex parte Young*, 209 U.S. 123, 145 (1908), because a plaintiff's access to a federal remedy should not be conditioned on first hazarding such liability in a state tribunal.  *Morales v. Trans World Airlines*, *Inc.*, 504 U.S. 374, 381 (1992). Plaintiff's allegations would not support injunctive relief on this basis.

alleged any facts that would constitute the extraordinary circumstances necessary to overcome the presumption in favor of abstention.  Dismissal, therefore, is appropriate.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint in accordance with 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss the matter.

## <u>NOTICE</u>

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 2nd day of July, 2020.